**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION**

VICTORIA L. PETERSON,                                                                                   PLAINTIFF
ADC #707743

v.                              No. 1:12CV00008 JLH/JTR

N. FAUST, Deputy Warden; and
JOHN MAPLES, Warden, McPherson
Unit, Arkansas Department of Correction                                                    DEFENDANTS

### ORDER

### I. Introduction

Plaintiff, Victoria Peterson, is a prisoner in the McPherson Unit of the Arkansas Department of Correction. In this *pro se* § 1983 action, she alleges that Defendants have violated her constitutional rights. *See* docket entries #2 and #9. For the following reasons, the Court will: (1) allow Plaintiff to proceed with her December 2011 retaliation claims against Defendants Faust and Maples; and (2) dismiss all other claims without prejudice.

### II. Discussion

On January 17, 2012, Plaintiff filed a Complaint alleging that, during a December 20, 2011 classification hearing, Defendant Deputy Warden Faust assigned her to

administrative segregation in retaliation for Plaintiff filing grievances.[1]  *See* docket entry #2.  Plaintiff also made the conclusory allegation that Defendant Faust discriminated against her.  *Id.*  Plaintiff did not raise any claims against Defendant Warden John Maples.  *Id.*

The Court needed further information in order to complete § 1915A screening.[2] Accordingly, on February 3, 2012, the Court directed Plaintiff to file an Amended Complaint clarifying: "(1) how Defendant Faust discriminated against her; and (2) how Defendant Warden John Maples personally participated in each of the alleged constitutional violations."  *See* docket entry #4 at 3-4.

On March 2, 2012, Plaintiff filed an Amended Complaint alleging that Defendant Maples had actual knowledge that Defendant Faust retaliated against her during the December 2011 classification hearing, but failed to take corrective action. *See* docket entry #9. The Court concludes, *for screening purposes only*, that Plaintiff has stated

---

[1]In her Complaint, Plaintiff states that the classification hearing occurred on "12/20/12." *See* docket entry #2 at 4.  That date is approximately eight months in the future. The Court will presume that Plaintiff meant December 20, 2011.

[2]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A.  The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  *Id.*

a viable retaliation claim against Defendants Faust and Maples.

Although she has been given the opportunity to do so, Plaintiff has *not* explained how Defendants Faust or Maples discriminated against her. Thus, that claim is dismissed without prejudice.

In the remainder of her lengthy and confusing Amended Complaint, Plaintiff asserts that her constitutional rights have been violated in numerous and unrelated ways. *Id.* For instance, Plaintiff alleges that several prison officials, who have not been named as Defendants, have: (1) "threatened, harassed, and discriminated against her"; (2) abused her "mentally, physically, emotionally, and even sexually"; (3) issued several false and retaliatory disciplinaries against her;[3] and (4) failed to protect her from being harmed by other inmates. *Id.*

This portion of Plaintiff's Amended Complaint is in violation of the Court's February 3, 2012 Order and Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a)(2) (providing that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief"); Fed. R. Civ. P. 20(a)(2) (providing that multiple defendants may be joined in one lawsuit only if the claims against them: (1) arise "out of the same transaction, occurrence, or series of transactions and

---

[3] In another § 1983 action in this District, Plaintiff alleges that eleven McPherson Unit officials, including Defendant Faust, have issued her false and retaliatory disciplinaries. *See Peterson v. Blair*; No. 1:11CV00116 JMM/JJV.

occurrences"; and (2) involve a "question of law or fact" that is "common to all defendants").

Additionally, the Eighth Circuit has clarified that a prisoner cannot attempt to defeat the filing fee requirements, set forth in 28 U.S.C. § 1915(b), by joining in one lawsuit a multitude of unrelated and legally distinct claims. *See Bailey v. Doe;* Case No. 11-2410, 2011 WL 5061542 (8th Cir. Oct. 26, 2011).

Accordingly, Plaintiff may proceed only with her December 2011 retaliation claim against Defendants Faust and Maples. All other claims are dismissed without prejudice. If she so chooses, Plaintiff may pursue her other claims in *separately* filed § 1983 actions.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff may PROCEED with her December 2011 retaliation claim against Defendants Maples and Faust, and all other claims are DISMISSED WITHOUT PREJUDICE.

2. The Clerk is directed to prepare a summons for Defendants Faust and Maples, and the U.S. Marshal is directed to serve the summons, Complaint, Amended Complaint, and this Order on them through the ADC Compliance Division without

prepayment of fees and costs or security therefor.[4]

3. The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

Dated this 10th day of April, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[4]If either of the Defendants are no longer ADC employees, the ADC Compliance Office shall file, with the return of unexecuted service, a **SEALED** Statement providing the last known private mailing address for the unserved Defendant.